UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-CR-60054-MOORE

UNITED STATES OF AMERICA

    Plaintiff,

v.

ARTHUR MURPHY,

    Defendant.
_____/

FILED BY ___AT___ D.C.
Apr 3, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

## **REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATION**

**THIS CAUSE** has been referred to the undersigned to take all necessary and proper action as required by law with respect to any violations of Supervised Release as to Defendant Arthur Murphy (ECF No. 129).

At a status conference conducted on April 3, 2024, attended by Defendant, counsel for Defendant and for the Government, as well as a representative from the United States Probation Office, Defendant stated that he wished to admit the violations alleged in the Petition pending against him (ECF No. 125). I informed Defendant of the violations alleged in the Petition and the maximum possible penalties he could face upon revocation of his supervised release. I also conducted a colloquy with Defendant to determine whether Defendant's decision to admit the alleged violations was a knowing and voluntary decision. During this colloquy, Defendant acknowledged his right to a hearing where the Government would need to prove the alleged violations by a preponderance of evidence, as well as all of the other rights associated with that hearing. The Government provided a proffer of the factual basis supporting each of the alleged

violations. The Defendant agreed with the factual proffer, and I find that the proffer contained a factual basis for each of the alleged violations. The Defendant further acknowledged that he has had sufficient time to discuss his decision to admit the alleged violations with his attorney and that no threats had been made to convince him to admit the alleged violations. At the conclusion of the colloquy, Defendant admitted the alleged violations. Based on the colloquy with Defendant, I find that has made these admissions are knowingly, intelligently, and voluntarily. Accordingly, no evidentiary hearing is warranted.

I therefore **RECOMMEND** that the Court accept Defendant's admission of guilt as to violations 1-3 alleged in the Petition (ECF No. 125) and set the matter for a final hearing.

The parties will have **FOURTEEN (14) DAYS** from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 3rd day of April, 2024.

                                                          Jared M. Strauss
                                                          United States Magistrate Judge

cc:      Honorable K. Michael Moore
           Counsel of record